# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DORIS M. WATSON,** ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION** |
| ) | |
| **v.** ) | **No. 16-4155-JWL** |
| ) | |
| **NANCY A. BERRYHILL,**[1] ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

## I.    Background

---

[1] On Jan. 20, 2017, Nancy A. Berryhill became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff applied for DIB, alleging disability beginning August 23, 2012. (R. 17, 178). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. Plaintiff argues that both the Administrative Law Judge (ALJ) and the Appeals Council erred when they failed to discuss the VA 100% disability rating awarded to Plaintiff on March 20, 2014 due to PostTraumatic Stress Disorder (PTSD). She also argues that the ALJ erred in evaluating Plaintiff's ability to sustain work on a regular and continuing basis.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). It provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala,

36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process--determining whether, in light of the RFC assessed, claimant can perform her past relevant work; and whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court considers the issues in the order addressed in Plaintiff's Brief, and finds no error.

## II.    Failure Adequately to Consider and Explain the VA Disability Rating

Plaintiff argues that Social Security Ruling (SSR) 06-3p requires that a disability decision by another agency may not be ignored by the Commissioner and must be considered. (Pl. Br. 13) (recognizing that SSR 06-3p is rescinded for all claims filed on or after March 17, 2017). She points out that such a disability decision must be considered by an ALJ, and he must explain why he did not find it persuasive. Id. (quoting Grogan v. Barnhart, 399 F.3d 1257, 1262-63 (10th Cir. 2005)). She argues that neither the ALJ nor the Appeals Council discussed the significance of the VA's 100% disability rating here, and that failure requires remand. She acknowledges that in Vallejo v.

4

Berryhill, 849 F.3d 951, 955-56 (10th Cir. 2017), the Tenth Circuit decided that the Appeals Council is not required to discuss new, material, and chronologically relevant evidence when it denies review of an ALJ's decision, but argues that Vallejo doesn't change the result in this case because the ALJ was not free to ignore the VA disability award "particularly since he was already put on notice that the VA had granted [Ms.] Watson a 100% disability rating." (Pl. Br. 16-17). Moreover, she argues that she is aware of no "authority suggesting that the Appeals Council's receipt of new evidence in the form of a VA disability evaluation excuses Grogan's requirement that Commissioner [sic] discuss the significance of such evidence." Id. at 17 (citing Davis v. Colvin, Civ. A, No. 13-cv-02271-CMA, 2014 U.S. Dist. LEXIS 123217, at *12-13, 2014 WL 4375876, at *4-5 (D. Colo. Sept. 4, 2014); and Harvey v. Astrue, No. CIV-10-393-SPS, 2012 U.S. Dist. LEXIS 39224, at *14-16, 2012 WL 984299, at *5-6 (E.D. Okla. March 22, 2012)). She argues that remand is necessary for the ALJ to consider and discuss the VA disability rating in the first instance.

The Commissioner acknowledges that the decision does not contain a specific discussion of the VA disability rating, but argues that the ALJ stated he considered all of the evidence in the entire record, and asks the court to take him at his word. (Comm'r Br. 11-12) (citing Flaherty v. Astrue, 515 F.3d 1067, 1071 (10th Cir. 2007)). She suggests that any error in the ALJ's failure to specifically discuss the VA disability rating is harmless. She argues that the ALJ elicited and listened to Plaintiff's testimony regarding her VA disability awards and accepted PTSD as one of Plaintiff's severe impairments,

5

and that the VA disability rating was not significantly probative and the failure to discuss it specifically does not warrant remand since it is based on different standards for determining disability than those of the Act.  Id. at 12-13.  She argues pursuant to SSR 06-3p that the VA disability rating in this case need not be discussed because it does not have a bearing on the determination of disability.  Id. at 13-14.  She distinguishes the holding of Grogan as applicable only to a failure to consider a VA disability rating in finding an impairment not severe at step two of the sequential evaluation process, and argues that the VA disability rating in this case does not speak to either the issue of RFC or the issue of disability under the Act.  Id. at 14.  The Commissioner also argues that the Appeals Council was not required to discuss the VA disability rating when denying Plaintiff's request for review of the ALJ decision, particularly because the information in the evidence presented to the Council was already before the ALJ.  Id. at 15.

In her Reply Brief, Plaintiff reiterates her arguments, asserting that had the ALJ specifically weighed the VA disability rating, he could have changed his decision because the VA rating showed that Plaintiff's PTSD was much more severe than the ALJ determined.  (Reply 1-2).  She argues that Grogan has been expanded beyond the step two determination.  (Reply 2-3) (citing Baca v. Dep't of Health & Human Servs. 5 F.3d 476, 480 (10th Cir. 1993); Winick v. Colvin, No. 16-6077, 2017 U.S. App. LEXIS 83, at *3, 11-13, 674 F. App'x 816, 822 (10th Cir. Jan. 4, 2017); Richter v. Chater, 900 F. Supp. 1531, 1534, 1539 (D. Kan. 1995); Hoog v. Colvin, No. 15-9123-SAC, 2016 U.S. Dist. LEXIS 119366 at *5, 6-8, 2016 WL 4593479 at *2-3 (D. Kan. Sept. 2, 2016); Radlin v.

6

Colvin, No. 14-1401-EFM, 2015 U.S. Dist. LEXIS 140430 at *3, *7-8, 2015 WL
6031382 at *3 (D. Kan. Oct. 15, 2015); and Wallick v. Astrue, Civ. A. No. 06-1346-
MLB, 2007 U.S. Dist. LEXIS 89199 at *6, *16-18, 2007 WL 4239463 at *6 (D. Kan.
Oct. 9, 2007)).

Plaintiff argues that the ALJ was not required merely to consider the VA disability
rating, but he was required to explain why the rating was not adopted.  She argues the fact
the ALJ never mentioned the VA disability rating "suggests it was overlooked" (Reply 4),
and that the Commissioner's harmless error argument is without merit.  Id., at 5.

The court finds no reversible error, and explains first, why the ALJ's consideration
was, at worst harmless error, and why the Appeals Council did not err.

A.    The ALJ's Consideration

As Plaintiff argues, a disability decision by another agency may not be ignored and
the Commissioner must explain why she did not find that decision persuasive.  SSR 06-
3p, West's Soc. Sec. Reporting Serv., Rulings 333-34 (Supp. 2017); Grogan, 399 F.3d at
1262-63.  However, as Plaintiff points out, the ALJ brought up the issue of a VA
disability rating at the hearing when he asked about Plaintiff's receipt of $130 a month
from the VA.  (Pl. Br. 14) (quoting R. 64-65).  In the course of the hearing, Plaintiff
explained that her disability rating had been 10%, but that it had recently been increased
to 100% due to PTSD.  Id. (citing R. 66).  In these circumstances, the fact the ALJ did not
mention the VA rating in his decision cannot suggest he did not consider it.  And
Plaintiff's testimony is the only evidence before the ALJ to which she appeals in arguing

7

that the ALJ should have explained why he did not find the VA rating persuasive. The burden of proof is on Plaintiff. The mere assertion of a fact by Plaintiff is insufficient to conclusively establish that fact as something on which the ALJ must rely or refute in his decision. Moreover, in the medical evidence before the ALJ, there were more than 800 pages of medical records from the VA[2] which the ALJ considered, summarized, and discussed in his decision, and explained why he did not find Plaintiff's impairments (which included PTSD) disabling within the meaning of the Act. (R. 19-29, passim). And, in the proceedings before the ALJ, Plaintiff was represented by counsel who did not present the VA rating documentation nor argue that the VA rating demonstrated that Plaintiff was disabled. It has long been recognized in the Tenth Circuit that "when the claimant is represented by counsel at the administrative hearing, the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored." Hawkins v. Chater, 113 F.3d 1162, 1167 (10th Cir. 1997); see also, Cowan v. Astrue, 552 F.3d 1182, 1188 (10th Cir. 2008); Maes v. Astrue, 522 F.3d 1093, 1097 (10th Cir. 2008); Branum v. Barnhart, 385, F.3d 1268, 1271 (10th Cir. 2004); Rutledge v. Apfel, 230 F.3d 1172, 1175 (10th Cir. 2000).

Social Security disability evaluation is not a game of "gotcha!" wherein a claimant may lie in wait for the Commissioner to make a technical error, and seize upon that error

---

[2] The VA medical records before the ALJ included Exhibits 3F, 4F, 7F, 8F, 9F, 10F, and 15F. (R. 345-468, 482-1114, and 1169-1267).

to secure a second bite at the apple.  The ALJ in this case fully considered the evidence before him, including his discussion with Plaintiff at the hearing regarding the VA disability rating, and explained his bases for determining Plaintiff is not disabled within the meaning of the Act.  The Tenth Circuit has recognized that a court "cannot insist on technical perfection," but is guided instead by common sense in reviewing Social Security cases.  Keyes-Zachary v. Astrue, 695 F.3d 1156, 1166, 1167 (10th Cir. 2012).  "Perfection in processing millions of such claims annually is impossible." Bowen v. Yuckert, 482 U.S. 137, 157 (1987) (O'Conner, J., concurring).  The ALJ had all of the evidence before him upon which the VA disability rating was based, and he applied the Commissioner's five step sequential evaluation process and reached a different conclusion.  Applying its common sense here, the court finds that Plaintiff has shown no prejudice in the ALJ's consideration of Plaintiff's VA disability rating.  Lacking specific documentation of the VA disability determination or argument in that regard from counsel, the ALJ's failure--to state that he considered the VA disability rating, did not credit it to a greater extent than revealed in his decision, and found that it did not support a finding of disability under the Act--if it was error (and the court does not believe it was), was harmless in the circumstances.  The fact that although he did not, the ALJ could have credited the VA rating and found Plaintiff disabled, does not justify remand in the circumstances of this case.  Had Plaintiff presented the complete documentation regarding her VA rating to the ALJ, and the ALJ ignored it or failed to explain his bases for discounting it, this would be a different case.  But, although that evidence was

9

provided to Plaintiff more than a month before the hearing and about two months before the decision issued, it was not provided to the ALJ.  (R. 1271 (dated December 9, 2014), 1275, 1278 (dated December 22, 2014), 1276, 1279 (dated December 18, 2014)).  This fact is all the more concerning when it is considered that Plaintiff received other medical records from the VA, dated December 15, 2014 through January 9, 2015, and provided them by cover letter dated February 13, 2015, for consideration by the ALJ before the decision issued.  (R. 1169-1267).

### B.   The Appeals Council's Consideration

As Plaintiff argues, she presented additional evidence to the Appeals Council along with her request for review of the ALJ's decision.  (R. 2).  This evidence consisted of a 46-page Appeals Council Brief, two pages of medical records from Premier Disability Services, LLC, and ten pages of documents from the VA, relating to Plaintiff's 100% disability rating.  (R. 4).  As Plaintiff acknowledges, the Appeals Council issued an "Order of Appeals Council" making that additional evidence a part of the administrative record in this case.  (R. 4) (admitting Exhibits 15E, 16F, 17F, 18F, and 19F).  The Council denied Plaintiff's request for review, noting that it had considered the additional evidence, and "found that this information does not provide a basis for changing the Administrative Law Judge's decision."  (R. 1, 2).

Plaintiff also acknowledges that the Tenth Circuit recently held "that the Appeals Council is only required to discuss evidence when it grants review, and here," the request for review was denied.  (Pl. Br. 16) (citing Vallejo 849 F.3d at 956-57).  And, she argues

10

that she is unaware of any authority that excuses the case from being remanded for the Commissioner to specifically discuss the significance of the VA disability rating, as required by Grogan.  Id. at 17.  However, Vallejo is the very authority of which she asserts she is unaware.

The facts in Vallejo are remarkably similar to those present here.  Ms. Vallejo applied for Supplemental Security Income benefits.  849 F.3d at 953.  In due course, an ALJ hearing was held at which there were no medical opinions from treating physicians, but Ms. Vallejo informed the ALJ that her treating physician, Dr. Ratner was preparing a mental health opinion, and the ALJ stated that the opinion would be considered if it were received before the ALJ decision was issued.  Id.  The opinion was prepared but was not received before the decision issued denying benefits, and Plaintiff sought Appeals Council review and submitted Dr. Ratner's opinion to the Council.  Id.  The Appeals Council received the opinion evidence, considered it along with other additional evidence, found that the evidence did not provide a basis to change the decision, and denied review.  Id.  Ms. Vallejo sought judicial review.  Id.

> Because neither the ALJ nor the Appeals Council expressly evaluated [Dr.] Ratner's opinion, the district court reversed the Commissioner's decision and remanded for the Appeals Council to either (1) determine what weight, if any, to give to [Dr.] Ratner's opinion or (2) remand to an ALJ with directions to make that determination.

Vallejo, 849 F.3d at 953.

In reversing the district court, the Vallejo court noted that in Martinez v. Barnhart, 444 F.3d 1201 (10th Cir. 2006) the claimant had argued that the Appeals Council erred in

11

failing to explain why a treating physician's opinion was not supported, but the <u>Martinez</u> court concluded that although "an express analysis of the Appeals Council's determination would be helpful for purposes of judicial review," it is not required. 849 F.3d at 955 (quoting <u>Martinez</u>, 444 F.3d at 1207-08) (brackets omitted). The court recognized the tension between the requirement for an express explanation of the weight accorded a treating physician's opinion and the <u>Martinez</u> court's holding that the Appeals Council is not required to specifically discuss new evidence submitted to it, but held "that tension does not permit us to ignore the relevant regulations governing administrative review, which appear to specifically anticipate the outcome in this case." <u>Id.</u>

Finally, the court in <u>Vallejo</u> recognized the plaintiff's alternative argument that "'a remand for a fact-finder's weighing of the new evidence was necessary' because without the fact-finder's evaluation of [Dr.] Ratner's opinion, the court simply couldn't determine whether substantial evidence supports the Commissioner's decision." <u>Id.</u> 849 F.3d at 956 (quoting Aplee Br. at 23). The court held that <u>Martinez</u> precludes that argument, and that "[t]he district court's only option was to conduct a substantial-evidence review by assessing the entire agency record, including [Dr.] Ratner's never-before assessed opinion." <u>Id.</u>

The <u>Vallejo</u> decision controls the court's decision in this case. Plaintiff provided new evidence regarding her VA disability rating to the Appeals Council. The statutes and regulations do not require the Council to discuss the new evidence. Therefore, the court must conduct a substantial-evidence review of the entire record evidence, including the

12

new evidence submitted to the Appeals Council.  Plaintiff argues that this court's decision

in Clement v. Colvin, No. 12-4165-JWL, 201, 2014 U.S. Dist. LEXIS 73740, at *14-16

(D. Kan. May 30, 2014) supports remand for the Commissioner to apply the correct legal

standard and expressly evaluate the VA disability rating.  (Pl. Br. 16).  However, the

situation presented to this court in Clement was precisely the situation presented to the

Tenth Circuit in the more recent case of Vallejo, and the Tenth Circuit therein clarified

that remand is not appropriate in such a case, but that the court must conduct its own

substantial-evidence review, which this court now proceeds to do.

The first VA document Plaintiff submitted to the Appeals Council (Ex. 17F) (R.

1270-73), apparently contains the first three pages of a six-page VA Rating Decision.  (R.

1272) ("2 of 6"), (R. 1273) ("3 of 6").  That document establishes that the VA awarded

Plaintiff 100% disability for PTSD effective March 20, 2014, and continued a 10%

disabled rating, status post a right hand injury.  (R. 1271).  Plaintiff was denied

entitlement to individual unemployability.   (R. 1272).  The rating decision included a list

of the evidence upon which the decision was apparently based, but did not include copies

of that evidence.  Id.  Other than Plaintiff's VA application forms and personal

statements, the evidence list appears to include a statement from Ms. Linda Gonner and

Plaintiff's VA treatment records.  Id.  The portion of the rating decision provided to the

Appeals Council includes at least part of a section numbered one, of a portion of the

decision entitled "Reasons for Decision."  (R. 1273) (all caps and underline omitted).  In

that section, it reveals that Plaintiff was diagnosed with "PTSD based upon the Diagnostic

and Statistical Manual of Mental Disorders (Edition V)," that an evaluation of 100% was assigned from March 20, 2014, and that service connection was determined.  (R. 1273).  The document includes a list of 19 symptoms upon which the evaluation of 100% disability due to PTSD was based.  Id.  Pages 4, 5, and 6 of the rating decision were apparently not provided to the Appeals Council.

The next VA document (Ex. 18F), consists of two letters from the VA to Ms. Watson verifying that she is receiving compensation for 100% disability beginning December, 1, 2014 in a certain monthly amount (R. 1275), that she is entitled to commissary and exchange privileges from the Armed Forces, and that her total disability is considered permanent.  (R. 1276).  The final VA document (Ex. 19F), appears to be duplicate copies of the letters in exhibit 18F.  (R. 1278-79).

As the Appeals Council found, "this information does not provide a basis for changing the Administrative Law Judge's decision."  (R. 2).  Plaintiff did not provide copies of all the evidence upon which the VA's rating decision stated it based its finding, so the court is unable to determine whether that evidence included evidence which requires finding greater limitations than those assessed by the ALJ.  However, the ALJ had all of the VA medical records provided to it, and that presumably included all of the medical records upon which the VA rating decision was based.  If it did not, there was no reason for the ALJ to seek additional records and Plaintiff failed her burden to provide all of her relevant medical records.  Moreover, the administrative record in this case includes a third-party function report completed by Ms. Gonner which presumably contained the

14

same opinions Ms. Gonner provided in her statement to the VA. The ALJ had all of this information before him and considered it when he made the decision at issue here. Moreover, based on Plaintiff's hearing testimony the ALJ was aware that the VA had awarded Plaintiff 100% disability for her PTSD. There is nothing in the new evidence presented to the Appeals Council which would compel the ALJ to change his decision. Contrary to Plaintiff's argument, the VA rating did not show that Plaintiff's PTSD was much more severe than the ALJ determined--it merely showed that the VA had reached a different result than did the ALJ. Since the new evidence provided to the Appeals Council does not compel a different result, the only way in which the court might reach that conclusion would be to reweigh the record evidence before the ALJ and substitute its judgment for that of the ALJ. It is prohibited from doing so. Bowman, 511 F.3d at 1272; accord, Hackett, 395 F.3d at 1172; see also, Bowling, 36 F.3d at 434 (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.").

## III.    RFC Assessment

Plaintiff argues that in his RFC assessment, the ALJ assessed what he found to be the most of which Plaintiff is capable, but failed to evaluate Plaintiff's ability to sustain those capabilities on a regular and continuing basis. (Pl. Br. 18-19) She argues this is so because the ALJ inadequately considered work Plaintiff did in the VA vocational

rehabilitation program, and improperly rejected her testimony regarding that work.  Id.,

19-21.

As Plaintiff's argument suggests, the ALJ considered Plaintiff's work activity after

her alleged onset date:

> While there is evidence the claimant has engaged in some work activity
> since the alleged onset date, it is not necessary to determine whether that
> work activity constitutes disqualifying substantial gainful activity because
> there is a basis for denying the claimant's application at a later step of the
> sequential evaluation process, as explained in more detail below.
>
> On the other hand, the undersigned acknowledges that the claimant worked
> in various positions through a Veteran's Administration vocational
> rehabilitation program.  She reported she was physically unable to complete
> this work; VA records show she had poor attendance reportedly caused by
> reasons that had nothing to do with diminished functional capacity (See
> Exhibit 10F/88 compared to the claimant's hearing testimony).  This
> inconsistency has a negative impact on the credibility of the claimant's
> allegations of disability.

(R. 19).

Plaintiff argues that a proper evaluation of the record evidence regarding her work

in the VA's "Incentive Therapy" (IT) work program shows that "[t]he ALJ's perception

of [Ms.] Watson's work attempt does not accurately reflect this evidence."  (Pl. Br. 19-

20) (citing R. 555, 853, 860, 882, 888, 891, 912).  The court has considered the record

evidence of Plaintiff's work activity in the VA's IT program.  In chronological order that

evidence reveals:

 Plaintiff testified at the hearing that she stated in the program in January 2014,

"and tried to go gung-ho and do the five day six hours a day."  (R. 61).  On January 16,

2014, Plaintiff called her vocational rehabilitation specialist, stating she can hardly move and plans to rest today and come in tomorrow.  (R. 577).  January 21, 2014, Plaintiff called in stating she is unable to work today because of body pain.  (R. 575).  February 11, 2014, Plaintiff reported that she was unable to work at this time because of all-over body pain, and the specialist stated that she would discharge Plaintiff from the program and perhaps when the weather is warmer she may be able to work.  (R. 555).

Thereafter, Plaintiff testified she returned to work in the IT program in November 2014, trying six hours three days a week.  (R. 61).  On November 6, 2014, the vocational rehabilitation specialist noted that Plaintiff called in, stating that she fell at work the other day and was still having discomfort.  The specialist told her to take off work and return on Monday.  (R. 891).  On November 12, 2014, the vocational rehabilitation specialist recorded that Plaintiff called in to say she would miss work today because of VA appointments, but that it looked like Plaintiff's appointments were actually scheduled for tomorrow.  The specialist noted, " She did not work any last week I [sic] because of a fall she had, so she is missing a lot of work."  (R. 888).  At her Compensation and Pension (C&P) exam on November 24, 2014, Plaintiff reported to the examining psychologist:

> that she is currently working an IT job at this facility in the clothing room.
> She first began working there in January 2013 but was unable to keep the
> job.  She stated, "I had to quit due to physical fitness.  It is a long haul to get
> between buildings."  She returned to work on October 27, 2014.  She is
> currently scheduled 30 hours per week, but has been unable to manage this
> schedule.  She stated, "There is a lot of times that I can't do it.  I will try to
> come in, but most weeks I have not been able to do it.  I do my best.  I
> really need the money.  I don't like depending on other people.  I am trying
> to make this work."

(R. 860). November 25, 2014, the vocational rehabilitation specialist recorded, "Veteran called on Monday 11/24/14 stating she has a C&P and then she planned to come into [sic] work. Veteran did not work and has only worked one day this PP [(pay period?)]. Unclear if veteran is going to remain in IT. Her attendance is very poor. I will talk with her and see if she wants to reduce hrs. or give up her position. I will offer direction and support as needed." (R. 853). Plaintiff testified that during the IT program she was in "excruciating pain." (R. 62).

While it is true that the ALJ could have accepted Plaintiff's testimony that she quit the IT program because of excruciating pain, the evidence does not require that result. The evidence, as summarized above, also supports the inference drawn by the ALJ--that Plaintiff did not quit working because of her functioning, but that she was looking for excuses to miss work on the IT program. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Lax, 489 F.3d at 1084 (citations, quotations, and bracket omitted); see also, Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966).

Having failed to show error in the ALJ's evaluation of Plaintiff's participation in the IT work program, Plaintiff cannot show that the ALJ failed to evaluate Plaintiff's ability to sustain work on a regular and continuing basis. Plaintiff first relies upon

Washington v. Shalala, 37 F.3d 1437 (10th Cir. 1994), wherein the court held, contrary to the ALJ, that Mr. Washington's work attempts were sporadic, his performance was unsatisfactory, and he was fired at least once. (Pl. Br. 18). As Plaintiff argues, the court in Washington held that "even when [Mr. Washington] attempted to work at a barber shop, his work was sporadic, his customers were not satisfied with his work, and he was 'fired' at least once." 37 F.3d at 1443. However, before reaching that conclusion, the court had already found that the ALJ failed to consider the plaintiff's vision loss, inadequately evaluated the effect of the plaintiff's mental impairments on his ability to work, failed to make findings regarding the physical and mental demands of the plaintiff's past work as a barber, and failed to determine whether he could do that work given the RFC assessed. Id. 37 F.3d at 1442. Only then did the court remind the ALJ that on remand he must bear in mind two principles--that for an individual such as Mr. Washington who was living in a structured environment, the ALJ should consider his ability to function outside the structured setting, and that even if the plaintiff has the ability to perform certain jobs, the ALJ must consider whether he can hold the jobs for a significant period of time, especially when the record showed problems such as those with Mr. Washington's work attempts. Id. at 1442-43. Here, however, the court has not found the errors in the ALJ's evaluation of the record as did the court in Washington. Therefore, the record here does not demonstrate that the ALJ has ignored or overlooked record evidence in assessing RFC, which would suggest the ALJ did not evaluate Plaintiff's ability for sustained work.

19

Plaintiff's appeal to the case of <u>Kilinski ex rel. Kilinski v. Astrue</u>, 430 F. App'x 732 (10th Cir. 2011), fails for the same reasons.  In <u>Kilinski</u>, the ALJ erred in evaluating Ms. Kilinski's left thumb pain, the Commissioner argued that the error was harmless, and the district court agreed.  430 F. App'x at 736.  The Tenth Circuit found the error was not harmless because, "if the ALJ had properly analyzed the evidence concerning Ms. Kilinski's thumb pain, he might have concluded she was unable to do her past work" which involved substantial keyboarding.  <u>Id.</u> at 737.  Because of the ALJ's failure to recognize the objective medical evidence regarding Ms. Kilinski's thumb, the court also found error in the failure to assess manipulative functioning.  <u>Id.</u>  It also noted that the ALJ's finding Ms. Kilinski could perform sedentary work was based on his findings that her cancer treatment restored significant function in a short period of time, that she was able to exercise and walk her large dog, that she was known to be high functioning, intelligent, and competent, that she had attempted to return to light work, and that "the fact that she could not sustain her work attempts at the light level did not preclude a finding that she could do sedentary work."  <u>Id.,</u> 430 F. App'x at 737.  The court found substantial record evidence supported the ALJ's finding that Ms. Kilinski's cancer treatment restored significant function in a short period of time, but that her failure to sustain light work attempts "is not evidence that she could do sedentary work, particularly because the ALJ did not discuss her work attempts."  <u>Id.</u> at 738.  The court noted that Ms. Kalinski testified that one of the reasons she stopped her work attempts was due to fatigue, and that the ALJ had found that she had a loss of exertional strength and some

fatigue.  Id.  Finally, the court also noted that the ALJ had not made a finding that Ms. Kilinski could sustain work eight hours a day, five days a week and "did not decide if she could hold a job for a significant period of time in light of her impairments."  Id. (citing Washington, 37 F.3d at 1442).

The Kilinski court was faced with the situation where the ALJ had overlooked or ignored considerable record evidence, and in light of that fact, held that his decision contained no finding that Ms. Kalinski was able to perform work on a regular and continuing basis.  Here, Plaintiff has not shown that the ALJ ignored or overlooked any record evidence.  And, as Plaintiff acknowledges, the ALJ specifically explained, "An individual's residual functional capacity is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments."  (R. 18). Moreover, he stated that he had considered the entire record when he assessed Plaintiff's RFC.  (R. 22).

The Social Security statutes, regulations, and rulings require specific, on-the-record statements of findings in certain cases.  They do not require a statement that the claimant is able, with the RFC assessed, to work on a regular and continuing basis. Likely that is because within the very definition of RFC is included that ability.  Were the court to remand this case because the ALJ did not include such a statement, it would require only that the Commissioner rewrite the decision at issue to include such a statement.  The law does not require remand merely for such ministerial corrections. Wilson v. Sullivan, No. 90-5061, 1991 WL 35284, at *2 (10th Cir. Feb. 28, 1991).

21

Moreover, were the court to make such a holding, that would require remand in almost all disability decisions made by the Commissioner until she were to make sure all of the ALJ decisions include such specific statements.  For, in many years of reviewing such decisions, the court can recall no specific case in which such an overt statement was made.

Lacking a specific showing of error in the ALJ's RFC assessment, such as those in Washington, or Kalinski, the court will not assume that the ALJ did not bear in mind the required definition of RFC and thereby failed his duty to consider whether, with the RFC assessed, Plaintiff is able to sustain work on a regular and continuing basis.

The court finds no error in the decision at issue.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated this 17th  day of November 2017, at Kansas City, Kansas.


s:/ John W. Lungstrum_____
**John W. Lungstrum**
**United States District Judge**

22